UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
CASE NO.: 08-bk-3640-PMG

IN RE:     WYNETTA Y. FIELDS

      Debtor(s)
_____

## MODIFIED CONFIRMED CHAPTER 13 PLAN

The debtor(s) submit(s) the following Chapter 13 Plan:

1. The future earnings of the debtor(s) are submitted to the supervision and control of the Trustee, and the debtor(s) shall pay to the Trustee the sum of **$313.28** per month for a period of 59 months.

2. From the payments so received, the Trustee shall make disbursements as follows:

    A.  **PRIORITY CLAIMS:**

    (1) The fees and expenses of the **Trustee** shall be paid over the life of the plan.

    (2) The unpaid portion of debtor's attorney fees, i.e., $3,500 shall be paid by the trustee to **D. C. Higginbotham, Esquire**, at the rate of $218.75 per month for months 1 - 16.

    B.  **SECURED CLAIMS**

    (1) **THE CIT GROUP** holds a first mortgage on the debtors' former residence, which shall be surrendered in full satisfaction of the debt.

    (2) **VYSTAR CU** holds a lien on debtors' 2003 Nissan. The amount owed is $8,428.01. The Trustee shall pay this creditor

$63.20 per month for months 1 - 16, then $214.21 per month for months 17 - 59, for a total of $10,222.23, which is the present value of its secured claim with 8% interest.

    C.    **UNSECURED CLAIMS**

Unsecured creditors shall be paid in full. The Trustee shall distribute $-0- per month for months 1 - 16, then $67.74 per month for months 17 - 59, to unsecured creditors.

    3.    **MISCELLANEOUS PROVISIONS**

    (a) Any claims filed after the claims bar date shall receive no distribution under the Plan unless specifically provided for above.

    (b) Each secured creditor shall retain its lien until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328. If this case is dismissed or converted without completion of the plan, such lien shall also be retained by the holder to the extent recognized by applicable nonbankruptcy law.

    (c) The debtor(s) do(es) not reject any executory contracts.

    (d) Debtor shall have a period of 30 days following expiration of the claims deadline within which to object to or value any claim. The terms of the confirmed plan and any order confirming a plan shall not be <u>res judicata</u> as to any claim to which debtor objects or files a motion to value.

    (e) Confirmation of the plan shall impose an affirmative duty on the holders and/or the servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtors to do all of the following:

    (1) To apply the payments received from the trustee on the prepetition arrearages, if any, only to such arrearages. For purposes of this lan, the "prepetition" arrears shall include all sums included in the "allowed" proof of claim and shall have a "0" balance upon entry of the Discharge Order in this case.

    (2) To deem the prepetition arrearage as contractually current upon confirmation of the plan, thereby

precluding the imposition of late payment charges or other default-related fees and services based solely on the prepetition default or defaults.

        (3) To apply the direct post-petition monthly mortgage payments paid by the trustee of by the Debtors to the month in which each payment was designated to be made under the plan or directly by the Debtors, whether or not such payments are immediately applied by the creditor to the outstanding loan balance or are placed into some type of suspense, forbearance or similar account.

     (f) Any post petition costs or expenses incurred by or on behalf of any secured creditor will be discharged upon the Debtor's completion of the plan, unless specifically provided for by order of Court on motion filed prior to completion of the plan.

Dated: November 4, 2008

                                                     D. C. HIGGINBOTHAM, ESQUIRE

925 Forest Street  
Jacksonville, FL 32204  
Phone: (904) 354-6604  
FAX: (904) 354-6606  
Florida Bar # 167121  
Attorney for Debtor(s)